IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RALPH EDWARD WILKINS                 *
        Petitioner,
       v.                                        *     CIVIL ACTION NO. RWT-14-956

MARY LOU MCDONOUGH, DIRECTOR,    *
       Respondent.
                                                *****

## **MEMORANDUM OPINION**

On March 27, 2014, this Court received a Petition for habeas corpus relief from Ralph Edward Wilkins ("Wilkins"), a prisoner confined at the Prince George's County Detention Center in Upper Marlboro, Maryland. Wilkins claims that he was convicted of first degree murder in 1971 and sentenced to a natural life term in the Maryland Division of Correction. He contends that on August 27, 2013, his conviction was overturned and he recently entered a guilty plea to first-degree murder and was sentenced to life with all but 57 years and 6 months suspended. ECF No. 1.

Wilkins seemingly claims that his new sentence violates the Equal Protection Clause in that the sentencing judge did not award him the credit required under Maryland law. He avers that he is not seeking a suspended sentence or parole reconsideration, but is requesting that Maryland statutes be properly applied to "eliminate double serving of time, eliminating double jeopardy and bringing life sentences in line with Maryland law." ECF No. 1. Wilkins seeks leave to proceed in forma pauperis and requests the appointment of counsel. ECF Nos. 2, 3. The prepayment of the habeas fee shall be waived, but his Petition shall be summarily dismissed.[1]

---

[1] In light of the decision entered by the Court, Wilkins' "Petition Seeking Assignment of Legal Assistance" (ECF No. 3) shall be denied as moot.

The Maryland Judiciary Case Search website confirms that on August 27, 2013, the Circuit Court for Prince George's County struck down the guilty finding on Wilkins' first-degree murder conviction. The docket shows that on March 13, 2014, he entered a guilty plea and was sentenced to life, with all but 57 years and 6 months suspended. He was given 24 years and 194 days credit and ordered to be returned to the Maryland Division of Correction. *See State v. Wilkins*, Criminal No. CT11187 (Circuit Court for Prince George's County). www.casesearch.courts.state.md.us/inquiry.

Before a petitioner seeks federal habeas corpus relief, he must exhaust each claim presented to the federal court by first pursuing remedies available in the state court. *See Leonard v. Hammond*, 806 F.2d 838, 840 (4th Cir. 1986). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838, 842 (1999); 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by raising certain claims on direct appeal and also by way of post-conviction proceedings. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994). The exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 2001), (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)). This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.

2

*See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. *See O'Sullivan* 526 U.S. at 845. This generally requires appealing state court decisions all the way to the state's highest court. *Id.* at 847.

      Wilkins pled guilty and was sentenced on March 13, 2014. Less than three weeks later he filed this action. Assuming, arguendo, that his application states a federal claim under § 2254, Wilkins' Petition is plainly not exhausted. He has not availed himself of the remedies available to him in the Maryland courts. The merits of the habeas petition shall not be considered by this Court. Accordingly, a separate Order shall be entered dismissing this action without prejudice.

Dated: April 4, 2014                                                                       /s/
                                                                             ROGER W. TITUS
                                                      UNITED STATES DISTRICT JUDGE